UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES H. MEADORS,                )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   No. 4:09-CV-1890-DJS
                                 )
GEORGE LOMBARDI, et al.,         )
                                 )
         Defendants.             )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of James H. Meadors (registration no. N/A) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff, a resident at the St. Louis Community Release Center, has submitted a financial affidavit indicating that he has insufficient funds to pay any portion of the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## The amended complaint

Plaintiff is a resident at the St. Louis Community Release Center. In his amended complaint [Doc. #6], he seeks monetary relief under 42 U.S.C. § 1983 against defendants George Lombardi (Director, Missouri Department of Corrections) and Janet Schneider (Superintendent, St. Louis Community Release Center). Plaintiff alleges that a St. Louis Community Release Center employee, Chris Sarchett, placed plaintiff's life in danger by assigning plaintiff to a sex offender wing "that was and is to only house sex offenders." Plaintiff claims that he is not a sex offender, but this assignment "has labeled [him] a sex offender with general population."

## Discussion

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); see also <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that defendants

Lombardi and/or Schneider were directly involved in or personally responsible for the violation of his constitutional rights. Accordingly, plaintiff's claims are legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's original motion for leave to proceed in forma pauperis [Doc. #1] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of January, 2010.

                                      **/s/ Donald J. Stohr**
                                      **UNITED STATES DISTRICT JUDGE**